**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 05-7360

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DERRICK LAVALLE WIGGINS,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.   Terrence W. Boyle, District Judge. (CR-98-85; CA-01-526)

Submitted:  November 17, 2005        Decided:  November 29, 2005

Before WILKINSON, LUTTIG, and WILLIAMS, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Derrick Lavalle Wiggins, Appellant Pro Se. John Stuart Bruce, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Derrick Lavalle Wiggins, a federal prisoner, seeks to appeal the district court's order denying his motion filed pursuant to Fed. R. Civ. P. 60(b), seeking reconsideration of the denial of his 28 U.S.C. § 2255 (2000) motion. The order is not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1) (2000); Reid v. Angelone, 369 F.3d 363, 369 (4th Cir. 2004). A certificate of appealability will not issue for claims addressed by a district court absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that the district court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural rulings by the district court are also debatable or wrong. See Miller-El v. Cockrell, 537 U.S. 322, 336 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683 (4th Cir. 2001). We have independently reviewed the record and conclude that Wiggins has not made the requisite showing. Accordingly, we deny a certificate of appealability and dismiss the appeal.

Additionally, we construe Wiggins's notice of appeal and informal brief on appeal as an application to file a second or successive motion under 28 U.S.C. § 2255. See United States v. Winestock, 340 F.3d 200, 208 (4th Cir. 2003). In order to obtain

- 2 -

authorization to file a successive § 2255 motion, a prisoner must assert claims based on either: (1) a new rule of constitutional law, previously unavailable, made retroactive by the Supreme Court to cases on collateral review; or (2) newly discovered evidence that would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the petitioner guilty of the offense. 28 U.S.C. §§ 2244(b)(2), 2255 (2000). Wiggins' claims do not satisfy either of these conditions. We therefore deny authorization to file a successive § 2255 motion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED
